UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELANIE MARTINEZ-LANUM,

    Plaintiff,

v.

                                        Case No. 1:24-cv-548

COMMISSIONER OF SOCIAL
SECURITY,
                                        Hon. Hala Y. Jarbou

    Defendant.
_____/

## ORDER

Plaintiff Melanie Martinez-Lanum filed this action under 42 U.S.C. § 405(g) seeking judicial review of the Commissioner of Social Security's decision denying her Disability Insurance Benefits ("DIB").  Before the Court is the magistrate judge's Report and Recommendation ("R&R") suggesting the Court reverse and remand the Commissioner's decision denying Plaintiff benefits (ECF No. 16).  Also before the Court is Defendant's objection to the R&R (ECF No. 17).  For the reasons discussed herein, the Court will overrule Defendant's objection and adopt the R&R.  The Commissioner's decision will be reversed and remanded.

### I. LEGAL STANDARDS

**A. R&R Review**

Under Rule 72 of the Federal Rules of Civil Procedure,

> the district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.  The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

**B. Social Security Decision Review**

Under 42 U.S.C. § 405(g), the Court's "review is limited to determining whether the Commissioner's decision is supported by substantial evidence and was made pursuant to proper legal standards." *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009)). "If the Commissioner's decision is based on substantial evidence, [the court] must affirm, even if substantial evidence exists in the record supporting a different conclusion." *Id.*

As part of this review, the Court evaluates whether the administrative law judge ("ALJ") provided sufficient explanation for their decision in accordance with relevant regulations. *Shilo v. Comm'r of Soc. Sec.*, 600 F. App'x 956, 958-59 (6th Cir. 2015) (noting that "[a]gencies are bound to follow their own regulations, and we will not hesitate to remand a Commissioner's opinion that fails to articulate" the reasons for a decision when necessary).

## II. ANALYSIS

The R&R discusses the facts and procedural history in detail, outlining Plaintiff's four reasons for challenging the ALJ's denial. Magistrate Judge Kent determined that three of Plaintiff's arguments proved unpersuasive, but he ultimately recommended reversal and remand for one dispositive reason: the ALJ's denial did not properly consider Plaintiff's high level of obesity and the effect it has on her residual functional capacity ("RFC"). Defendant objected, arguing that the ALJ's mention of Plaintiff's obesity was sufficient to satisfy the requirements of Social Security Ruling ("SSR") 19-2P, 2019 WL 2374244 (May 29, 2019), which discusses how

ALJs must evaluate obesity in benefit determinations.  This was the only timely objection to the R&R, so the Court's analysis is limited to this issue.[1]

ALJs "must consider the limiting effects of obesity when assessing a person's RFC."  SSR 19-2P at *4 (citing CFR §§ 404.1545, 416.945).  When an SSR details how ALJs should "assess obesity in conjunction with other impairments," the ALJ must do more than merely "mention the fact of obesity in passing."  *Shilo*, 600 F. App'x at 959 (quoting *Norman v. Astrue*, 694 F. Supp. 2d 738, 741-42 (N.D. Ohio 2010)).  Regardless of the conclusion, the ALJ must "explain how [he] reached [his] conclusion on whether obesity causes any limitations" for the applicant.  SSR 19-2P at *4.  Here, the ALJ did not do so.

As the R&R indicates, the ALJ did not properly explain how Plaintiff's obesity impacted her limitations and her RFC.  The ALJ's decision acknowledged that Plaintiff is obese (ALJ Decision 6, ECF No. 6-2), and that her obesity is a severe impairment (*id.*), but the ALJ needed to articulate how Plaintiff's obesity caused (or did not cause) additional limitations in conjunction with her other symptoms.  SSR 19-2P at *4 (explaining that an ALJ's RFC assessment should "show the effect obesity has upon the [applicant's] ability to perform routine movement and necessary physical activity within the work environment").  After attributing limitations to her degenerative disc disease, levoscoliosis, and arthritis, the ALJ merely declared that "[t]he undersigned has fully considered the effects of the claimant's obesity on her [RFC].  The claimant's obesity, combined with her degenerative disc disease and arthritis, limits her to light exertion with the postural and environmental limitations listed above."  (ALJ Decision 6-7.)  The SSR requires more than this cursory discussion of Plaintiff's obesity.  The ALJ never discussed

---

[1] Plaintiff rehashes general concerns with the ALJ's analysis in her response to Defendant's objection, but she did not file a timely objection to the R&R.

how he reached his conclusion on the impact of Plaintiff's obesity, or the extent to which Plaintiff's obesity compounded (or did not compound) her other limitations.

The Court will reverse and remand the ALJ's decision. Upon remand, the ALJ must provide a proper analysis of Plaintiff's obesity, discussing how and why Plaintiff's obesity either does or does not impact her limitations and RFC.

Accordingly,

**IT IS ORDERED** that Defendant's objection (ECF No. 17) is **OVERRULED**.

**IT IS FURTHER ORDERED** that the report and recommendation (ECF No. 16) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Commissioner's decision is **REVERSED AND REMANDED**. On remand, the Commissioner should reevaluate the functional limitations of Plaintiff's obesity, how those limitations affected her RFC, and, if appropriate, reevaluate Plaintiff's RFC.


Dated: July 28, 2025                       /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            CHIEF UNITED STATES DISTRICT JUDGE